**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| )<br>ENVIRONMENTAL INTEGRITY )<br>PROJECT )<br>1000 Vermont Ave NW, Suite 1100 )<br>Washington, DC 2005, )<br>)<br>AIR ALLIANCE HOUSTON )<br>3914 Leeland Street )<br>Houston, TX 77003, and )<br>)<br>SIERRA CLUB )<br>1202 San Antonio Street )<br>Austin, TX 78701 )<br>)<br>Plaintiffs, )<br>)<br>v.                       )<br>)<br>GINA MCCARTHY, Administrator, )<br>U.S. Environmental Protection Agency, )<br>Ariel Rios Building, Mail Code 1101A )<br>1200 Pennsylvania Ave, NW )<br>Washington, DC 20460 )<br>)<br>Defendant. )<br>)<br>) | Case No. 1:14-cv-2106 |

**COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF**

**I.      STATEMENT OF THE CASE**

1.  This is a civil action for declaratory and injunctive relief, with costs and fees under the

Clean Air Act, 42 U.S.C. § 7401 et. seq. and the declaratory judgment statute, 28 U.S.C. §§ 2201

and 2202.

2.  Environmental Integrity Project, Air Alliance Houston, and Sierra Club (collectively, "Plaintiffs") seek an order declaring that the Defendant, the Administrator of the United States Environmental Protection Agency ("Administrator"), is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny two petitions filed by Plaintiffs.  The first petition requests that the Administrator object to Title V Permit No. O1668, issued by the Texas Commission on Environmental Quality ("TCEQ") to the Shell Chemical Company authorizing operation of the company's Deer Park Chemical Plant.  The second petition requests that the Administrator object to Title V Permit No. O1669, issued by the TCEQ to Shell Oil Company authorizing operation of the company's Deer Park Refinery.  Plaintiffs also seek an order requiring the Administrator to perform her non-discretionary duty to grant or deny these petitions.

## II.    JURISDICTION, VENUE AND NOTICE

3.  This is a Clean Air Act citizen suit.  Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d).  The Clean Air Act is a federal statute.  The Defendant is an agent of the United States government.  Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant).  This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930.  Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201.  If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

4.  A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.   In addition, this suit is being brought against the Administrator in her official capacity as an officer or employee of the United States Environmental Protection Agency, residing in the District of Columbia.  Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

5.  As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA, the U.S. Attorney General, the EPA Administrator for Region 6, and the Deputy Director of the TCEQ's Office of Air of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified first-class mail on July 22, 2014.  See Exhibit A (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O1668 for Shell's Deer Park Chemical Plant); and Exhibit B (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O1669 for Shell's Deer Park Refinery).  More than 60 days have passed since Defendant received these notice of intent to sue letters.  Defendant has not acted to remedy the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

### III.    PARTIES

6.  Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like chemical plants and petroleum refineries.  EPA's failure to timely respond to the petitions, which demonstrates that the Title V permit fails to comply with the law, adversely affects EIP's ability

to assure that Shell complies with Clean Air Act requirements at the Deer Park Chemical Plant and Refinery.

7.  Plaintiff AIR ALLIANCE HOUSTON is a 501(c)(3) non-profit organization whose mission is to reduce air pollution in the Houston region and protect public health and environmental integrity through research, education, and advocacy.  Air Alliance Houston is active throughout the greater Houston area, with a particular focus on the communities and industry around the Houston Ship Channel.

8.  Plaintiff SIERRA CLUB is one of the Nation's largest and oldest grassroots nonprofit membership organizations.  Sierra Club's Texas chapter was formed more than forty years ago and has a long history of working to reduce power industrial air pollution that adversely affect air quality in Texas.  Sierra Club petitioned the Administrator to object to Title V Permit Nos. O1668 and O1669, because the permits fail to comply with applicable Clean Air Act requirements.  The Administrator's failure to perform her non-discretionary duty to grant or deny these petitions injures the organizational interests of Sierra Club as well as the concrete public health interests of its members.

9.  Plaintiffs have an interest in ensuring that Shells' Title V operating permits comply with all federally applicable requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from the Shell Deer Park Chemical Plant and Refinery.  These members and employees will be adversely affected if EPA fails to object to these permits.

10. Defendant GINA MCCARTHY is the Administrator of the Environmental Protection Agency.  The Administrator is responsible for implementing and enforcing the Clean Air Act.

As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely filed Title V petitions within 60 days.

11. For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petitions has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries that the Court can redress through this case.

## IV.        LEGAL AUTHORITY

12. The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population.  42 U.S.C. § 7401(b)(1).  To advance this goal, Congress amended the Act in 1990 to establish the Title V operating permit program.  See 42 U.S.C. §§ 7661-7661f.  Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter.  42 U.S.C. § 7661a(a).  Shell's Deer Park Refinery and Chemical Plant are each major sources subject to Title V permitting requirements.

13. The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d).  The Administrator approved Texas's administration of its Title V operating permit program.  61 Fed. Reg. 32693 (June 25, 1996); 66 Fed. Reg. 66318 (December 6, 2001).  Thus, the TCEQ is responsible for issuing Title V operating permits in Texas.

14. Before the TCEQ may issue or renew a Title V permit, it must forward the proposed permit to EPA for review.  42 U.S.C. § 7661d(a)(1)(B).  The Administrator then has 45 days to review the proposed permit.  The Administrator must object to the permit if she finds that the proposed permit does not comply with all applicable provisions of the Clean Air Act.  42 U.S.C. § 7661d(b)(1).  If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit.  42 U.S.C. § 7661d(b)(2).

15. If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days.  Id.; New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 2 (D.D.C. 2002).

16. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## V.  FACTUAL BACKGROUND

Shell Deer Park Chemical Plant

17. Shell applied to the TCEQ to renew Title V Permit No. O1668 for the Deer Park Chemical Plant on April 15, 2009.  The Executive Director of the TCEQ issued a draft renewal operating permit ("Chemical Plant Draft Permit"), notice of which was published on June 15, 2012.  The public comment period for the Chemical Plant Draft Permit ended on July 16, 2012.

18. On July 16, 2012, Plaintiffs submitted written comments to the TCEQ during the public comment period. The comments identified specific deficiencies contained in the Chemical Plant Draft Permit.

19. EPA's 45-day review period for the proposed permit ended on March 21, 2014. EPA did not object to the permit.

20. On May 19, 2014, Plaintiffs timely filed with EPA a petition to object to the Chemical Plant Title V operating permit ("Chemical Plant Petition"). 42. U.S.C. § 7661d(b)(2). The Chemical Plant Petition was based on (1) objections to the Chemical Plant Draft Permit that were raised with reasonable specificity during the public comment period and (2) objections to the permit that arose after the close of the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

21. Though the Administrator was required to grant or deny the Chemical Plant Petition within 60 days, she has not yet done so. 42 U.S.C. § 7661d(b)(2).

22. On July 22, 2014, Plaintiffs sent Defendant notice of their intent to sue the Administrator for her failure to grant or deny the Chemical Plant Petition within 60 days.

Shell Deer Park Refinery

23. Shell applied to the TCEQ to renew its Title V Permit No. O1669 for the Deer Park Refinery on May 20, 2009. The Executive Director of the TCEQ issued a draft renewal operating permit ("Refinery Draft Permit"), notice of which was published on June 14, 2012. The public comment period for the Refinery Draft Permit ended on July 16, 2012.

24. On July 16, 2012, Plaintiffs submitted written comments to the TCEQ during the public comment period.  The comments identified specific deficiencies contained in the Refinery Draft Permit.

25. EPA's 45-day review period for the proposed permit ended on March 21, 2014.  EPA did not object to the permit.

26. On May 19, 2014, Plaintiffs timely filed with EPA a petition to object to the Shell Deer Park Refinery Title V operating permit ("Refinery Petition").  42. U.S.C. § 7661d(b)(2).  The Refinery Petition was based on (1) objections to the Refinery Draft Permit that were raised with reasonable specificity during the public comment period and (2) objections to the permit that arose after the close of the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

27. Though the Administrator was required to grant or deny the Refinery Petition within 60 days, she has not yet done so.  42 U.S.C. § 7661d(b)(2).

28. On July 22, 2014, Plaintiffs sent Defendant notice of their intent to sue the Administrator for her failure to grant or deny the Refinery Petition within 60 days.

## VI.        CAUSES OF ACTION

### FAILURE TO RESPOND TO PLAINTIFFS' CHEMICAL PLANT PETITION

[42 U.S.C. § 7661d(b)(2)]

29. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-28.

30. The Clean Air Act required Defendant to act on the Chemical Plant Petition within 60 days of its filing.  42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).  This is a non-discretionary duty.  New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 3 (D.D.C. 2002).

31. It has been more than 60 days since Defendant received the Chemical Plant Petition. Defendant's failure to grant or deny the Chemical Plant Petition constitutes a failure to perform an act or duty that is not discretionary.  42 U.S.C. § 7604(a)(2).

FAILURE TO RESPOND TO PLAINTIFFS' REFINERY PETITION

[42 U.S.C. § 7661d(b)(2)]

32. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-28.

33. The Clean Air Act required Defendant to act on the Refinery Petition within 60 days of its filing.  42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).  This is a non-discretionary duty.  New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 3 (D.D.C. 2002).

34. It has been more than 60 days since Defendant received the Refinery Petition. Defendant's failure to grant or deny the Refinery Petition constitutes a failure to perform an act or duty that is not discretionary.  42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A.  Declare that Defendant's failure to grant or deny the Plaintiffs' Chemical Plant Petition and Refinery Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B.  Order the Defendant to grant or deny the Chemical Plant Petition and Refinery Petition within sixty (60) days;

C.  Retain jurisdiction over this action to ensure compliance with the Court's Order;

D.  Award Plaintiffs their costs and fees related to this action; and

E.  Grant such other relief as the Court deems just and proper.

DATED: December 12, 2014                    ATTORNEY OF RECORD

                                            /s/ Jennifer Duggan

                                            Jennifer Duggan
                                            D.C. Bar No. 978352
                                            Environmental Integrity Project
                                            1000 Vermont Ave. N.W. #1100
                                            Washington, D.C. 20005
                                            Phone: (802) 225-6774
                                            jduggan@environmentalintegrity.org

                                            Gabriel Clark-Leach
                                            Texas Bar No. 24069516
                                            Environmental Integrity Project
                                            1002 West Ave., Ste. 305
                                            Austin, Texas 78701
                                            Phone: (512) 637-9478
                                            Fax:    (512) 584-8019